UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.   ED CV 12-1137-AG (PLA)                              Date August 29, 2012

Title:  Troy Lavale Brunson v. Rod Hoops, et al.

---

PRESENT: THE HONORABLE   PAUL L. ABRAMS

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**
NONE

**ATTORNEYS PRESENT FOR DEFENDANT:**
NONE

**PROCEEDINGS:**      **(IN CHAMBERS)**

On July 24, 2012, the Court granted plaintiff's Request for Leave to Proceed In Forma Pauperis, but ordered that plaintiff pay an initial partial filing fee of $5.00 within thirty (30) days (i.e., no later than August 23, 2012). On July 24, 2012, the Court also issued a Notice of Reference to a United States Magistrate Judge in this action. On July 31, 2012, copies of both the Court's July 24, 2012, Order and its July 24, 2012, Notice mailed to plaintiff were returned as undeliverable.

On August 3, 2012, plaintiff filed an "Ex Parte Application for Order Allowing Plaintiff's Case to Proceed," which was dated July 30, 2012, and which the Court denied on August 8, 2012. In that Order, the Court also extended plaintiff's deadline to submit the $5.00 initial partial filing fee to no later than September 10, 2012. On August 20, 2012, the copy of the Court's August 8, 2012, Order mailed to plaintiff was also returned as undeliverable.

Local Rule 41-6 states that: "A party proceeding *pro se* shall keep the Court ... apprised of such party's current address ... . If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court ... of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

The Court has been informed that plaintiff is no longer in custody at the West Valley Detention Center. However, plaintiff has not apprised the Court of his new address, and more than fifteen days have elapsed since the Court's Orders of July 24, 2012, and August 8, 2012, were served. Thus, **no later than September 14, 2012**, plaintiff is ordered to show cause why this action should not be dismissed for failure to prosecute. Plaintiff is advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and follow Court orders.

cc:     Troy Lavale Brunson, Pro Se

Initials of Deputy Clerk_____ch____

---

CV-90 (10/98)                              CIVIL  MINUTES  -  GENERAL