UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| TROY LAVALE BRUNSON, | ) | No. ED CV 12-1137-AG (PLA) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE** |
| ROD HOOPS, et al., | ) | |
| Defendants. | ) | |

On July 24, 2012, after being granted leave to proceed in forma pauperis, plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was assaulted by multiple police officers and thereafter refused medical treatment. Also on July 24, 2012, the Court ordered plaintiff to pay an initial partial filing fee no later than August 23, 2012, and issued a Notice of Reference to a United States Magistrate Judge in this action. On July 31, 2012, copies of the Court's July 24, 2012, Order and July 24, 2012, Notice mailed to plaintiff were returned to the Court as undeliverable. On August 3, 2012, plaintiff filed an "Ex Parte Application for Order Allowing Plaintiff's Case to Proceed" ("Application"), which was dated July 30, 2012. The Court denied the Application on August 8, 2012, but extended plaintiff's deadline to submit the initial partial filing fee to no later than September 10, 2012. On August 20, 2012, the copy of the Court's August 8, 2012, Order mailed to plaintiff was also returned to the Court as undeliverable.

On August 29, 2012, the Court issued an Order noting that more than fifteen days had elapsed since the Court's Orders of July 24, 2012, and August 8, 2012, were served, but that plaintiff had not apprised the Court of his new address, in violation of Local Rule 41-6. The Court ordered plaintiff, no later than September 14, 2012, to show cause why this action should not be dismissed for failure to prosecute, and specifically advised plaintiff that his failure to timely respond to the Order to Show Cause would result in the action being dismissed for failure to prosecute and follow Court orders.

**To date, plaintiff has not filed a response to the Court's August 29, 2012, Order to Show Cause and has not submitted the initial partial filing fee. His time to do both has passed. Further, plaintiff has failed to provide the Court with a current address in violation of Local Rule 41-6.**

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has failed to keep the Court apprised of his current address, and he did not submit the initial partial filing fee, or file a response to the Court's August 29, 2012, Order, within the time granted. Neither has plaintiff requested an extension of time to submit the fee or respond to the Court's August 29, 2012, Order. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by extending the deadline for plaintiff to submit the initial partial filing fee, and by advising plaintiff in its August 29, 2012, Order to Show Cause that failure to timely respond to the Order would result in this action being dismissed for failure to prosecute and follow Court orders. Nonetheless, plaintiff has not filed any response to that Order, submitted his initial partial filing fee, or notified the Court of his new address, and he also has not given any indication that he intends to do so.

Plaintiff's failure to inform the Court of his current address in and of itself warrants dismissal. Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro*

3

> *se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Since July 31, 2012, three documents sent out by the Court have been returned as undelivered. Plaintiff has not apprised the Court of a new address, and in fact has not had any contact with the Court since August 3, 2012.

Taking all of the above factors into account, dismissal for failure to prosecute and follow Court orders is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the Court's August 29, 2012, Order.

In light of the foregoing, the Court finds that dismissal of this action is appropriate due to plaintiff's failure to prosecute and comply with Court orders. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED: Sept 24, 2012

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

4